Case 4:22-cv-01357   Document 53   Filed on 01/18/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIN WADE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-01357 |
| | § | |
| CITY OF HOUSTON, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

### I.

Before the Court is the defendant's, Art Acevedo, motion for judgment on the pleadings of the plaintiffs', Erin Wade, Jose Donis, Maxstar McDonald, Lorenzo Johnson, Jr., Victoria Garcia, Nicholas Nabors, Emily Payton, Brisenia Flores, Ernest Alamanah and Janie Torres [DE 44]. The plaintiffs responded and the matter is before the Court on the motion, response and pleadings. Having reviewed those documents, and the attendant case law, the Court determines that the defendant's motion should be granted.

### II.

The factual basis for the plaintiffs' claim that the defendant is individually liable to them for violations of this Civil Rights, under 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the federal Constitution, is set out in the Court's earlier filed Memorandum Opinion [DE 23]. Hence, it is unnecessary to repeated those facts here.

In the Court's previous Memorandum, the Court explained its ruling as follows:

Here, as in Utley, the plaintiffs' First and Fourteenth Amendment claims contain only conclusory allegations. Also like Utley, the plaintiffs' Fourth Amendment claim fails because the police had probable cause that supports the plaintiffs'

> arrest—they were obstructing a roadway in violation of Tex. Penal Code § 42.03, which includes sidewalks. See Singleton v. Darby, 609 Fed. Appx. 190, 193 (5th Cir. 2015) (holding that a "State may therefore enforce its traffic obstruction laws without violating the First Amendment, even when the suspect is blocking traffic as an act of political protest."). Thus, the plaintiffs were not engaged in constitutionally protected activity. Utley, 2022 WL 2188529, at *1. Finally, as in Utley, the plaintiffs' § 1983 claim against the City fails. The plaintiffs have offered only conclusory allegations that the City ordered their "kettling" and arrests through Chief Acevedo for a crime they allegedly did not commit. See Floyd v. City of Kenner, La., 351 Fed. Appx. 890, 898 (5th Cir. 2009) (holding similar allegations that the chief of police "approved" and "directed" the filing of a false affidavit "amounted to nothing more than mere speculation.").

(Doc. #23 at 3-5)

For what it is worth, the Court notes that the plaintiffs suggest that the defendant "personally" engaged in illegal conduct at the scene of their arrest -- conduct that violated federal law and, thus, exposed the defendant to personal liability. However, there is no proffered evidence that the "personal" involvement that the plaintiffs assert involved more than the defendant's sworn duty to be present and enforce state law. *See* Tex. Penal Code § 42.03. The basis for the plaintiffs' arrests was that they were accused of obstructing a roadway [or sidewalks] in violation of state law. Whether the defendant was personally present or not, the plaintiffs' arrests were not based on a policy or practice, but state law.

Assuming that the defendant did "personally" cause or direct that the plaintiffs be arrested for obstructing a roadway, that arrest does not violate § 1983 or the First and Fourth Amendments to the Constitution. Moreover, the issues raised in the plaintiffs' lawsuit were addressed by the Fifth Circuit Court of Appeals in *Utley v. City of Houston, et. al,* [No. 21-20623, 2022 WL 21885290 (5th Cir. June 2022, *rehearing denied*]. Finally, the plaintiffs have failed to state a compelling reason, based in law or equity, why the Fifth Circuit's dismissal of their claims in *Utley* is not a binding precedent here. *See Perillo v. Johnson,* 205 F.3d 775, 780-81 (5th Cir. 2000). The

Court holds that it is. Therefore, the defendant's motion for judgment in favor of the defendant on the plaintiffs' current pleadings is Granted.

It is so Ordered.

SIGNED on January 18, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge