# United States Court of Appeals
## for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
*September 12, 2024*
Nathan Ochsner, Clerk of Court

No. 24-20026

United States Court of Appeals
Fifth Circuit
**FILED**
August 6, 2024
Lyle W. Cayce
Clerk

ERIN WADE; JANIE TORRES; BRISENIA FLORES; MAXSTAR MCDONALD; EMILY PAYTON; NICHOLAS NABORS; JOSE DONIS; VICTORIA GARCIA; ERNEST ALUMANAH; LORENZO JOHNSON,

*Plaintiffs—Appellants*,

*versus*

CITY OF HOUSTON, TEXAS; ART ACEVEDO,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-1357

---

Before JONES, SMITH, and HO, *Circuit Judges.*

PER CURIAM:

Plaintiff–Appellants were participants in (or were in the vicinity of) protests that occurred in downtown Houston following the death of George Floyd in May 2020. They allege that they were falsely arrested after City of Houston police officers performed "kettle maneuvers" to contain the protests, *i.e.*, surrounded the protestors and confined them to a small space. They further allege that then-Chief of Police Art Acevedo formulated and implemented a policy for the City of "kettling" and arresting protesters.

No. 24-20026

Plaintiffs sued the City and Acevedo under 42 U.S.C. § 1983, claiming violations of the First, Fourth, Fifth, and Fourteenth Amendments.[1] These claims are premised on the alleged absence of probable cause to arrest Plaintiffs for violating section 42.03 of the Texas Penal Code, which makes it illegal to "obstruct[] a highway, street, sidewalk," or other passageway. The district court found that there was probable cause to arrest Plaintiffs under section 42.03 and dismissed the claims against both the City and Acevedo.

Two panels of this court have addressed the same issue on nearly identical facts but reached conflicting conclusions. In *Utley v. City of Houston*, No. 21-20623, 2022 WL 2188529 (5th Cir. June 17, 2022), the panel held that there was probable cause to arrest the plaintiff-protestor and affirmed dismissal of the plaintiff's § 1983 lawsuit against the City and Acevedo. Then, in *Herrera v. Acevedo*, No. 21-20520, 2022 WL 17547449 (5th Cir. Dec. 9, 2022), the panel held that the plaintiff-protestors had plausibly alleged that they were arrested without probable cause and affirmed denial of the defendants' motion to dismiss.

Since neither opinion was published, neither is binding on this panel, but we reach the same conclusion as the *Utley* panel did. Specifically, we hold that there was probable cause to arrest Plaintiffs for obstructing a passageway under section 42.03, notwithstanding Plaintiffs' conclusory allegations to the contrary. It is implausible that a large group of protestors situated on a roadway or sidewalk in downtown Houston for an extended period of time would not have obstructed the roadway or sidewalk on which the protest took place. The primary case that the *Herrera* panel relied on to conclude that the plaintiffs there had plausibly alleged false arrest did not involve a large group

---

[1] Plaintiffs have forfeited any claim based on the Fifth Amendment by failing to brief it on appeal.

No. 24-20026

of protestors; it involved a single protestor outside an abortion clinic who occasionally approached patients on the sidewalk or in the parking lot and did so without "rendering entry into the Clinic impassible or inconvenient as required under § 42.03." *Davidson v. City of Stafford*, 848 F.3d 384, 389 (5th Cir. 2017) (concluding that officers lacked probable cause). The size and location of the protests at issue in this case, by contrast, supplied the arresting officers with at least probable cause to conclude that the protestors were rendering passage on the roadways or sidewalks they occupied unreasonably inconvenient for purposes of section 42.03. *See Illinois v. Gates*, 462 U.S. 213, 243 n.13, 103 S. Ct. 2317, 2335 n.13 (1983) ("[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.").

Because they had probable cause to arrest Plaintiffs, the City's police officers did not violate the First, Fourth, or Fourteenth Amendments. *See Davidson*, 848 F.3d at 391 (reciting standards for First and Fourth Amendments); *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988) (Fourth and Fourteenth Amendments). And because there was no underlying constitutional violation, the municipal- and supervisory-liability claims against the City of Houston and former Chief Acevedo were appropriately dismissed. *See Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017) ("As is well established, every *Monell* claim requires an underlying constitutional violation." (citation and internal quotation marks omitted)); *Tamez v. Manthey*, 589 F.3d 764, 772 (5th Cir. 2009) (same with respect to supervisory liability). These claims also fail because they are not supported by sufficient allegations of an official policy or of deliberate indifference. *See Verastique v. City of Dallas*, -- F.4th ---, No. 23-10395 (5th Cir. July 8, 2024).

The judgment of the district court is AFFIRMED.